### FISHEL NESSLER CO. v. FISHEL & CO. et al.

(Circuit Court of Appeals, Second Circuit. April 14, 1913.)

No. 209.

1. PATENTS (§ 129*)—SUIT FOR INFRINGEMENT—ESTOPPEL TO DENY VALIDITY.
   A patentee, who assigns the patent to himself and another, as partners, is estopped to deny its validity, when sued for infringement by an assignee of his partner's interest, whether such assignment was voluntary, or through a trustee in bankruptcy.
   [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 182½–186; Dec. Dig. § 129.*]

2. PATENTS (§ 328*)—INFRINGEMENT—DESIGN FOR CLASP PIN.
   The Fishel design patent, No. 37,055, for a design for a clasp pin, *held* not infringed.

3. PATENTS (§ 328*)—INFRINGEMENT—JEWEL BAR.
   The Fishel patent, No. 884,979, for a jewel bar, *held* infringed.

This cause comes here upon appeal from a decree of the District Court, Southern District of New York. The suit was brought upon four patents; the District Court held that two of them were valid, against defendants, and had been infringed. The appeal brings up these two patents only for consideration. One of them is design patent No. 37,055, for a clasp pin, issued July 26, 1904, to "Henry W. Fishel of New York, assignor to himself and Theodore H. Fishel of New York." The other is United States patent No. 884,979, for a jewel bar, issued April 14, 1908, to "Henry W. Fishel of New York, assignor to himself and Theodore H. Fishel of New York, copartners trading as Fishel, Nessler & Co. of New York."

See, also, 200 Fed. 1023, 118 C. C. A. 665; 203 Fed. 1022.

H. D. Williams, of New York City, for appellants.

L. F. Dittenhoefer, of New York City, for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. The firm Fishel, Nessler & Co. was composed of the patentee, Henry W. Fishel, and Theodore H. Fishel. This firm and the individual members thereof went into bankruptcy and all their property passed to their trustee. The latter sold these two patents in due course to one Swartz. Subsequently the complain-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ant company (Fishel Nessler Company) was incorporated and Swartz thereupon sold and assigned these patents to it; Theodore H. Fishel is its president and general manager. The defendant Fishel & Co. is a corporation, composed of the wife and a son of Henry W. Fishel and one other person. Henry W. is not a director or stockholder, but is the general office man and apparently is carrying on his former occupation through this corporation. It is conceded that it is practically his concern.

At the trial the court directed that the testimony offered by defendants be limited to the issue of infringement "upon the ground that the defendants were estopped from denying the validity of the patents." The court did not write any opinion and the defendant appellants apparently assume that it held that the estoppel was created by the bankruptcy sale, in favor of Swartz the purchaser and of his subsequent assignees. It is a familiar principle that a patentee who transfers his patent to some one else cannot thereafter, when sued by such transferee for infringement, assert that the patent is invalid, and the main argument in the case is directed to the question whether this principle will apply when the transfer is not a voluntary one; certainly the bankruptcy sale was not the voluntary act of the owner of the patent.

[1] We do not think it necessary to examine this question. The patentee was Henry W. Fishel. Voluntarily and long before bankruptcy he assigned to himself and Theodore H. Fishel. Whatever rights Theodore had would pass to the person to whom he might assign them, and for the mere purpose of transferring those rights such assignment would be effective, whether it was voluntary or involuntary. Theodore's rights in the patents have passed, through the bankruptcy sale to Swartz, to complainant, and the original assignor of the patents to Theodore is estopped to assert as against the present holder that the patents themselves are invalid.

[2] Two exhibits are produced, which were concededly made and sold by defendants. They are known as the "Altman Pin" and the "Boston Pin." The witness for complainant says they are identical in appearance with pins manufactured by complainant. If they are, that circumstance is immaterial. He also says that they are identical in appearance with the design covered by the design patent. That patent contains no description of the design; what it is can be ascertained only from the drawings. Comparing these two exhibits with the two drawings of the patent, it is apparent that the "Boston Pin" is markedly unlike the drawings and that the "Altman Pin" has noticeable points of difference, which in our opinion would preclude its being included within the claim of the patent. Infringement of this patent is not shown.

[3] If the only evidence as to infringement of patent 884,979 were that of Theodore H. Fishel, we should not be inclined to find it persuasive, in view of the extraordinary testimony he gave as to the Boston pin being identical in appearance with the drawing of the design patent. But the witness Handwerger identified, by his private workman's mark, a horseshoe pin which he made while in the employ

of defendant corporation, and testified that the setting was precisely that described and claimed in patent 884,979.

The decree is reversed, without costs of this court, and cause remanded, with instructions to decree in favor of defendants on design patent No. 37,055, and in favor of complainant on patent No. 884,979, without costs to either side.